Exhibit A

| | |
|---|---|
| DISTRICT COURT OF ARAPOHE COUNTY<br>STATE OF COLORADO<br>Court Address:<br>7325 S Potomac St #100<br>Centennial, CO 80112<br>_____<br>**Plaintiff:**   **VIRGINIA VARNAK**<br><br>v.<br><br>**Defendant: WALMART, INC. D/B/A SAM'S CLUB, A DIVISION OF WALMART STORES, INC., A FOREIGN CORPORATION**<br>_____<br>Attorney for Plaintiff:<br>Devon A. Neill, Esq.<br>Neill Trial Law, LLC<br>15021 W. Warren Avenue<br>Lakewood, CO 80228<br>Phone No.: (720) 443-0324<br>Atty. Reg. No. 48166<br>devon@NeillTrialLaw.com | DATE FILED: July 25, 2023 9:07 PM<br>FILING ID: B2ED14131965F<br>CASE NUMBER: 2023CV31404<br><br>▲COURT USE ONLY▲<br><br>Case Number:<br><br>Div.:          Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff Virginia "Jenny" Varnak (hereinafter "Ms. Varnak," or "Plaintiff"), by and through undersigned counsel and for her Complaint and Jury Demand provides the following:

## I.   INTRODUCTION

1. This action is filed to recover damages and losses Plaintiff suffered as the result of injuries they sustained on or about August 6, 2021, as the result of slipping and falling while shopping in Defendant Walmart, Inc.'s ("Defendant Walmart") retail store, Sam's Club Number 4816, located at 6201 S. Aurora Pkwy Aurora, CO 80016.

## II.   JURISDICTION AND VENUE

1. Venue is proper in the County of Denver, State of Colorado, pursuant to the provisions of C.R.S. 98(c)(5), because the acts, omissions, and events giving rise to this tort claim occurred in Arapahoe County.

### III.    PARTIES

2.    Plaintiff Varnak is a domiciliary of the State of Colorado, residing at 6223 S. Jericho Court, Centennial Colorado 80016.

3.    Defendant Walmart, Inc. is a corporation formed under the laws of the State of Delaware, is registered with the Colorado Secretary of State, and has its corporate headquarters at 702 S.W. 8th Street, Bentonville, Benton County, Arkansas 72716.  Service in Colorado is submitted to Defendant Walmart's registered agent, the C T Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

### IV. GENERAL ALLEGATIONS

4.    At all times relevant, Defendant Walmart occupied the premises located at 6201 S. Aurora Pkwy Aurora, CO 80016 and known as Sam's Club, Number 4816, **(hereinafter "store," or "Defendant's store").**

5.    On or about August 6, 20121, Plaintiff was lawfully in Defendant Walmart's store shopping for groceries.

6.    At all relevant times, Plaintiff was in the produce department.

7.    Plaintiff came around a corner to get Spinach.

8.    Unknown to Plaintiff, there was a long water spill, approximately 4-5 feet long and 6 inches wide.

9.    At some point before Plaintiff entered the aisle, Defendant spilled water onto the floor that was open to the public.

10.    At some point before Plaintiff entered the aisle, water dripped from the ceiling onto the floor.

11.    Plaintiff slipped and fell on her left side.

12.    Plaintiff slipped and fell in water.

13.    These are photographs of the water that caused Plaintiff to fall.



14. Plaintiff took these photographs while still on Defendant's floor.

15. Plaintiff's leg in the second photograph.

16. At the same time and place, Plaintiff's roommate, Randy W. Garrelts, was behind Plaintiff pushing the grocery cart.

17. Mr. Garrelts found Defendant Walmart employees to assist Plaintiff.

18. After falling, a female manager of Defendant Walmart took photographs of water spill.

19. The female manager said "This was supposed to have been cleaned up."

20. Plaintiff immediately felt pain.

21. Defendant's employees assisted Plaintiff out of the store and to the car.

22. Later in the afternoon, Plaintiff contacted her doctor and wrote as follows:

Exhibit A



23.     Defendant Walmart's manager in charge of Defendant Walmart's store on the day of the incident had a duty to ensure the store was safe for all patrons.

24.     Defendant Walmart's produce department manager in charge of Defendant Walmart's produce department on the day of the incident had a duty to ensure that the produce department was safe for all patrons.

25.     Defendant Walmart's manager in charge of facilities at Defendant Walmart's store on the day of the incident had a duty to ensure that the cooler in which spinach and other vegetable and/or fruits were chilled was safe for all patrons.

26.     Defendant's employees had a duty to ensure the store was safe for all patrons.

27.     Defendant knew or, upon reasonable inspection, should have known that the conditions that led to Plaintiff's harms and losses constituted a danger to its customers, and decided against taking appropriate actions to mitigate the dangerous conditions.

28.     At all times relevant hereto, Plaintiff was acting with due and reasonable care, and in conformance with all applicable ordinances and statutes.

29.     Plaintiff suffered severe personal injuries, which has required extensive medical examination and treatment over the last two years.

V.   **FIRST CLAIM FOR RELIEF – COLORADO PREMISES LIABILITY ACT**

30.     Plaintiff incorporate by reference all allegations contained in this Complaint as if realleged herein verbatim.

31.     At the time of the incident describe above, Defendant Walmart was a "landowner" as set forth in C.R.S. § 13-21-115(1).

32.     At the time of the incident describe above, Plaintiff was an "invitee", as set forth in C.R.S. § 13-21-115(1.5).

33.     Defendant Walmart owed its customers, including Plaintiff, the non-delegable duty to use reasonable care to protect customers in its stores from all unreasonable risks to their health and safety which were or should have been known to Defendant Walmart.

34.     Defendant Walmart owed its customers, including Plaintiff, the non-delegable duty to use reasonable care to properly maintain its premises and facility to prevent customers from encountering preventable hazards, and prevent such customers from suffering injuries which could result in severe and permanent physical harms and losses.

35.     Defendant Walmart owed its customers, including Plaintiff, the non-delegable duty to use reasonable care to seek out and identify hazards which might exist upon its premises by virtue of its possession of the premises, its business operation and marketing, and to use reasonable care to protect its customers from foreseeable injury.

36.     Defendant Walmart owed its customers, including Plaintiff, the non-delegable duty to use reasonable care to train its employees to identify potential circumstances and conditions which could cause injury or risk thereof to its customers, and to use all reasonable safety methods to protect its customers from avoidable injury.

37.     Defendant Walmart breached the foregoing duties at and around the time of the incident by not using reasonable care to protect its customers, including Plaintiff, against a danger on the property; by not removing, the hazard; by not warning their customers, including Plaintiff, about the existence of the hazard; and by not properly and adequately maintaining the premises to prevent the public from exposure to unreasonable danger.

38.     As the direct and proximate result of Defendant Walmart's acts and omissions described herein, Plaintiff suffered harms and losses, including, but not limited to:

  a. Past and future physical and mental pain and suffering;
  b. Past and future inconvenience;
  c. Past and future emotional stress;
  d. Past and future impairment of the quality of life;
  e. Past and future physical impairment;
  f. Disfigurement;
  g. Other consequential economic injuries;

Case No. 1:23-cv-02183-REB-STV    Document 1-2    filed 08/25/23    USDC Colorado
pg 6 of 6

Exhibit A

      h.      Past and future medical bills and other related expenses; and
      i.      Loss of enjoyment of life.

39. Defendant Walmart's acts and omissions violated C.R.S. § 13-21-115, the Colorado Premises Liability Act, which caused Plaintiff to suffer injuries, damages and losses in amounts to be proven at trial, and for which Defendant Walmart is liable to Plaintiff.

40. The hazards and/or dangers complained of were of the type which were ongoing, continuous and/or repeating such that by their nature, and from the size of the pool involved and duties created to discover them, Defendant Walmart had actual and/or constructive knowledge of the hazards and/or dangers alleged, as further established by *Jasko v. F.W. Woolworth Co.*, 494 P.2d 839 (Colo. 1972).

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant, as follows:

(a) For all losses and damages allowed by law, in an amount to be proven at trial sufficient to make her whole according to proof, and specifically including, without limitation, general and special damages for physical injuries; physical impairment; physical pain and suffering; emotional pain and suffering; past and future medical and other related expenses; and loss of enjoyment of life.

(b) For interest on such losses and damages from the earliest date and at the maximum rate allowable by applicable law;

(c) For all awardable costs of suit, including expert witness fees and the fees of other professionals;

(d) For all other and further relief as the Court deems just and proper and/or which may be allowed by applicable law.

Respectfully submitted this 25th day of July, 2023.

**NEILL TRIAL LAW, LLC**

*/s/ Devon A. Neill, Esq.*
*This pleading was filed electronically pursuant to Rule 121 § 1-26*
*Original signed pleading is on file in counsel's office*
**ATTORNEY FOR PLAINTIFFS**