IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02183-REB-STV

**VIRGINIA VARNAK**,

    Plaintiff,

v.

**WALMART, INC. AND SAM'S WEST, INC.**,

    Defendants.

## DEFENDANTS ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Defendants, Walmart, Inc. and Sam's West, Inc., by and through their attorneys, Sutton | Booker | P.C., hereby submit the following Answer and Jury Demand:

### INTRODUCTION

1. Defendants admits this action is filed related to an incident occurring on August 6, 2021 at Defendant Sam West Inc's retail store located at 6201 S. Aurora Pkwy, Aurora, CO 80016. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 1 of the Amended Complaint, and therefore deny such allegations.

### JURISDICTION AND VENUE

1. Defendants admit venue is proper in the County of Denver, State of Colorado and deny any remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint.[1]

---

[1] Plaintiff's Amended Complaint is numbered with two paragraph numbered "1" and therefore Defendants' Answer is numbered accordingly.

## PARTIES

2. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint, and therefore deny such allegations.

3. Defendants admit the allegations in paragraph 3 of Plaintiff's Amended Complaint.

4. Defendants admit the allegations in paragraph 4 of Plaintiff's Amended Complaint.

## GENERAL ALLEGATIONS

6. Defendants deny the allegations in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendants admit the allegations in paragraph 7 of Plaintiff's Amended Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Amended Complaint, and therefore deny such allegations.

9. Defendants admit the allegations in paragraph 9 of Plaintiff's Amended Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Amended Complaint, and therefore deny such allegations.

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Amended Complaint, and therefore deny such allegations.

12. Defendants deny the allegations in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of Plaintiff's Amended Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Amended Complaint, and therefore deny such allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Amended Complaint, and therefore deny such allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Amended Complaint, and therefore deny such allegations.

17. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Amended Complaint, and therefore deny such allegations.

18. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Amended Complaint, and therefore deny such allegations.

19. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Amended Complaint, and therefore deny such allegations.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Amended Complaint.

21. Defendants admit the allegations in paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants admit a Sam's Club associate took photographs of the scene of the incident following the incident. Defendants deny any remaining allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations in paragraph 24 of Plaintiff's Amended Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 25 of the Amended Complaint, and therefore deny such allegations.

26. Defendants admit a Sam's West, Inc. employee assisted Plaintiff into an electric shopping cart. Defendants are without knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 26 of the Amended Complaint, and therefore deny such allegations.

27. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Amended Complaint, and therefore deny such allegations.

**WALMART**

28. Defendants deny the allegations in paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations in paragraph 30 of the Amended Complaint.

31. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants deny the allegations in paragraph 32 of Plaintiff's Amended Complaint.

## SAM'S WEST

33. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 34 of Plaintiff's Amended Complaint.

35. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 35 of Plaintiff's Amended Complaint.

36. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 36 of Plaintiff's Amended Complaint.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Amended Complaint.

39. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 39 of the Amended Complaint, and therefore deny such allegations.

## **WALMART**

40. Defendants hereby incorporate the responses set forth in paragraphs 1 through 39 as if fully set forth herein.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Amended Complaint.

42. Defendants admit the allegations in paragraph 42 of Plaintiff's Amended Complaint.

43. Defendants deny the allegations in paragraph 43 of Plaintiff's Amended Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Amended Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's Amended Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's Amended Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's Amended Complaint.

50. Defendants deny the allegations in paragraph 50 of Plaintiff's Amended Complaint.

## SAM'S WEST

51. Defendants hereby incorporate the responses set forth in paragraphs 1 through 50 as if fully set forth.

52. Defendants admits the allegations in paragraph 52 of Plaintiff's complaint.

53. Defendants admits the allegations in paragraph 53 of Plaintiff's complaint.

54. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 54 of Plaintiff's Amended Complaint.

55. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 55 of Plaintiff's Amended Complaint.

56. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 56 of Plaintiff's Amended Complaint.

57. Defendants admit that Sam's West, Inc. had duties set forth in C.R.S. 13-21-115, the Colorado Premises Liability Act, and deny any remaining or contrary allegations in paragraph 57 of Plaintiff's Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of Plaintiff's Amended Complaint.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's Amended Complaint.

60. Defendants deny the allegations in paragraph 60 of Plaintiff's Amended Complaint.

61. Defendants deny the allegations in paragraph 61 of Plaintiff's Amended Complaint

## GENERAL DENIAL

Defendants deny all allegations in the Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The alleged injuries and damages, if any, were proximately caused by the comparative negligence of plaintiff, precluding or reducing any recovery pursuant to C.R.S. § 13-21-111.

2. The failure to take such reasonable steps as would have mitigated or minimized the alleged injuries and damages precludes recovery on those injuries and damages.

3. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

4. Plaintiff's claims for non-economic loss are limited by the provisions of C.R.S. §13-21-102.5.

WHEREFORE, having fully answered, Defendants, Walmart, Inc. and Sam's West, Inc., respectfully request this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendants and award Defendants their costs and expenses, and such further relief as this Court deems proper.

DEFENDANTS DEMANDS TRIAL TO A JURY OF SIX ON ALL ISSUES.

Respectfully submitted this 1st day of September, 2023.

*/s/ Rachel T. Jennings*
Ashley R. Larson
Rachel T. Jennings
Sutton | Booker P.C.
4949 S. Syracuse, Suite 500
Denver, Colorado 80237
Telephone:  303-730-6204
Facsimile:   303-730-6208
E-Mail:  alarson@suttonbooker.com
rjennings@suttonbooker.com
*Attorneys for Defendants, Walmart, Inc. and Sam's West, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2023, I electronically filed a true and correct copy of the above and foregoing Defendants Answer and Jury Demand with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Devon A. Neill
Neill Trial Law, LLC
15021 W. Warren Avenue
Lakewood, CO 80228
*Attorney for Plaintiff*

                                         */s/   Charla J. Crutchfield*
                                         *A duly signed original is on file at*
                                         *Sutton | Booker | P.C.*